UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Sheril Provstgaard, | Case No. 2:25-cv-00649-CDS-NJK |
| Plaintiff | **Order Striking Interested Party's Objection, and Adopting the Magistrate Judge's Report and Recommendation** |
| v. | |
| Nye County, et al., | [ECF No. 10, 11] |
| Defendants | |

This civil-rights action was filed on behalf of purported pro se plaintiff Sheril Provstgaard by "next friend" Rachel Provstgaard.[1] In April 2025, United States Magistrate Judge Nancy Koppe denied Rachel's motion to be appointed next friend to Sheril because, as a non-attorney, Rachel cannot bring a lawsuit on his behalf. Order, ECF No. 5. The complaint filed by Rachel was stricken, and Judge Koppe ordered Sheril to show cause why the case should not be dismissed. *Id.* Rachel timely filed a response asserting that Sheril "is incapable of appearing in court because he was forced to seek political asylum" and his "fear of retaliation and harm . . . prevents him from taking part in litigation or protecting his rights." Resp., ECF No. 6. Judge Koppe addressed Rachel's response in the report and recommendation (R&R), finding that these "assertions do not change the fact that Rachel is not an attorney and, as a result, Rachel cannot bring suit on someone else's behalf." ECF No. 10. Therefore, the magistrate judge recommends that this matter be dismissed. *Id.* at 2. Rachel objects to the recommendation of dismissal. Obj., ECF No. 11. For the reasons herein, I strike the objection and accept the R&R in its entirety.

---

[1] The court refers to Sheril Provestgaard and Rachel Provestgaard by their first names. This is done for clarity and convenience and is not intended to convey disrespect.

## I. Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party objects to a report and recommendation, the court "shall make a de novo determination of those portions of the report which objection is made." *Id.*; *see also* Local Rule IB 3-2(b). However, if no objections are filed, the district court need not conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## II. Discussion

As noted, Rachel filed an objection to the magistrate judge's findings and recommendation. ECF No. 11. Although de novo review is not required because Rachel is not a proper party to this action, she is not an attorney, nor is she authorized to practice law in Nevada, I nonetheless conduct one here. Under Rule 17, "an incompetent person who does not have a duly appointed representative may sue by a next friend." Fed. R. Civ. P. 17(c)(2). "In order to establish next friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001). There is no dispute that Rachel has expressed her dedication to the best interests of her brother, however, she has not established that Sheril is "unable to litigate his own cause." Rachel relies on *Coalition of Clergy v. Bush* to support her allegation that "next friend status was permitted where the real party in interest was inaccessible due to fear of harm." 310 F.3d 1153 (9th Cir. 2002). This argument misinterprets the court's findings. There the court held that the coalition lacked next-friend or third party standing and further declined to "delineate the contours of the access requirement" where detainees were held in a "secure facility in an isolated area of the world" with impeded access to lawyers and courts). *Id.* at 1161. Even if Rachel demonstrated Sheril's inability to assert his own claims, a next friend may not proceed without an attorney.

Simply stated, a non-lawyer "has no authority to appear as an attorney for others than himself." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). "Thus, in an action in which the sole plaintiff is incapacitated and cannot proceed pro se, the plaintiff must be represented by competent counsel, or alternatively, the action must be dismissed without prejudice." *Complot v. JP Morgan Chase Bank*, 2023 U.S. Dist. LEXIS 210929, *7 (D. Ariz. Nov. 28, 2023) (citing *Johns*, 114 F.3d at 877). Because Rachel has no authority to file an objection, it is hereby stricken. The the R&R's findings and recommendations are accepted in full, and this action is dismissed without prejudice.

### III.    Conclusion

IT IS HEREBY ORDERED that interested party Rachel Provstgaard's objection **[ECF No. 11] is stricken**, and the magistrate judge's report and recommendation **[ECF No. 10] is accepted and adopted in its entirety**.

This case is dismissed without prejudice. The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

Dated: June 11, 2025

_____
Cristina D. Silva
United States District Judge